TIMOTHY O'NEIL *vs.* FRANK M. BATES, City Treasurer.

PROVIDENCE—DECEMBER 2, 1895.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A municipal corporation had caused an excavation to be made in one of its streets for the purpose of constructing a sewer therein.   It had enclosed the part of

the street in which the trench was, and employed watchmen to see that the barriers were kept in place. While a watchman was employed at one end of the trench an unknown person had removed the barrier at the other end, and the plaintiff, passing in the evening along the street to make connection with the street cars, entered the enclosure at this place, and fell into the trench. In an action against the city to recover damages therefor :—

*Held*, that the city had taken every reasonable precaution and was not liable.

*Held*, further, that the city was not bound to anticipate the unauthorized and wrongful acts of others in removing the barriers.

*Held*, further, that if the plaintiff, knowing the danger, took the risk of walking beside the sewer in the darkness of evening, he had no ground of complaint against the city.

ACTION OF TRESPASS ON THE CASE for negligence. Heard on the defendant's petition for a new trial.

PER CURIAM. We think that the verdict was against the evidence, both on the issue of negligence of the city of Pawtucket and the issue of contributory negligence on the part of the plaintiff.

Not only had the city taken the precaution to enclose that portion of the street in which the sewer trench had been dug, so that travelers on the street should pass only on that part of it lying easterly of the excavation, but it had also employed watchmen to see that the barriers were kept up. During the temporary absence of the watchman, in the discharge of his duty elsewhere along the line of the enclosure, some one without authority wrongfully removed the barrier at the point where the plaintiff entered the enclosure. We think that the city had taken every reasonable precaution that could be required of it to guard travelers from accident, and that it was not bound to anticipate the unauthorized and wrongful acts of others in removing the barriers during the temporary absence of its watchman in the performance of his duty at other points. *Mahogany* v. *Ward*, 16 R. I. 479, 484, and cases cited.

We think, too, that though the plank forming the barrier had been turned aside at the point where the plaintiff entered the enclosure, he could not have failed to know of the existence of the sewer trench, and that, in walking in the darkness along the narrow path by the side of it, and between it

and the foot of the bank of earth thrown out of it, he took the risk of making a misstep and falling into the trench. If, knowing the danger, he took the risk and, falling into the trench, received an injury, he has no ground of complaint against the city, and has only himself to blame for the accident.

Defendant's petition for new trial granted, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant with costs.

*Dennis J. Holland and James M. Brennan*, for plaintiff.

*Thomas P. Barnefield, City Solicitor of the City of Pawtucket, and Raymond G. Mowry*, for defendant.